## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2016, 8:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald C. Swanson, Jr.
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jordon P. Stroud,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 31, 2016

Court of Appeals Case Nos.
02A04-1606-CR-1355 and
02A03-1606-CR-1364

Appeal from the Allen Superior Court

The Honorable Wendy W. Davis, Judge

Trial Court Cause Nos.
02D04-1601-F6-68 and -91

**Crone, Judge.**

# Case Summary

Jordon P. Stroud brings separate appeals from the one and one-half year consecutive sentences imposed by the trial court in two cases, following his guilty pleas and convictions for level 6 felony domestic battery and level 6 felony possession of a legend drug or precursor without a prescription. Because he was sentenced for these crimes simultaneously, we address Stroud's two appeals in a single decision. The sole restated issue presented for our review is whether the trial court abused its discretion during sentencing. Finding no abuse of discretion in either case, we affirm the sentences.

# Facts and Procedural History

Ashley Williamson and Stroud were in a three-year relationship and had one child together, S.S. On October 27, 2015, Stroud punched Williamson in the face with a closed fist in the presence of nine-month-old S.S. Stroud's punch broke Williamson's nose and caused her to bleed. While receiving treatment at a medical center, Williamson reported to staff that Stroud was intoxicated, "yanked her by the hair," "punched her in the back of the head," and punched her in the face. State's Ex. 12.

On January 15, 2016, Stroud was a passenger in a vehicle involved in a traffic stop. Stroud provided identification to the police officer involved. When the officer checked Stroud's information, he learned that Stroud had an active warrant for his arrest based upon his altercation with Williamson. Stroud was arrested, taken into custody, transported to the Allen County Jail, and charged

with level 6 felony domestic battery and level 6 felony battery under cause number 02D04-1601-F6-68 ("Cause 68"). During a search incident to his arrest, a gray plastic baggie tied in a knot fell out of Stroud's right pant leg. The bag contained 12.4 grams of what was later identified as quetiapine fumarate. On January 22, 2016, the State charged Stroud with level 6 felony possession of a legend drug or precursor without a prescription under cause number 02D04-1601-F6-91 ("Cause 91").[1]

[4] On May 3, 2016, Stroud pled guilty to his crimes, and a consolidated sentencing hearing was scheduled for May 31, 2016. During the hearing, the trial court accepted Stroud's guilty pleas, merged the level 6 felony battery count with the level 6 felony domestic battery count, and entered judgment of conviction for one count of level 6 felony domestic battery in Cause 68 and one count of level 6 felony possession of a legend drug or precursor without a prescription in Cause 91. The trial court sentenced Stroud to one and one-half years' imprisonment on each conviction to be served consecutively.[2]

---

[1] Quetiapine fumarate qualifies as a legend drug because it is not a controlled substance but does require a prescription. Appellant's App. Vol. II. at 10; *see* Ind. Code § 16-42-19-2.

[2] The record indicates that, in addition to the foregoing crimes, Stroud was simultaneously sentenced for a probation violation under cause number 02D05-1506-F6-483. Although it appears that a notice of appeal has been filed in that case, an appeal has not yet been perfected in this Court, and Stroud states that he does not appeal that portion of his sentence. *See* Appellant's Br. Cause 68 at 5 n.1 and Appellant's Br. Cause 91 at 6 n.1.

# Discussion and Decision

[5] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of that discretion occurs where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. at 490-91. "Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id*. at 491.

[6] Trial courts imposing felony sentences must make statements which may be oral, written, or both. *Gleason v. State,* 965 N.E.2d 702, 711 (Ind. Ct. App. 2012). Such statements must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Anglemyer,* 868 N.E.2d at 490. "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime, as opposed to general impressions or conclusions." *Id*. "The purpose of this rule is to guard against

arbitrary sentencing and to provide an adequate basis for appellate review."
*Webb v. State*, 941 N.E.2d 1082, 1088 (Ind. Ct. App. 2011), *trans. denied*.

[7] Stroud argues that the trial court abused its discretion during sentencing by failing to enter a sufficient sentencing statement. Specifically, Stroud contends that the trial court failed to properly differentiate among the multiple cases for which it was imposing sentence. The trial court's oral sentencing statement provided,

> All right, Mr. Stroud as I look to sentencing you this morning, I will note as a mitigating circumstance that you have pled guilty and that you showed remorse. Candidly, I think that's overshadowed a bit by the fact of the aggravating circumstances in this case. If I look over your criminal history – and Mr. Swanson knows this, at 22 years old, it's typically not my first instinct to send a 22-year-old down the river to the Indiana Department of Corrections. However, I look [at] your history, and I will take the facts and circumstances in this case, and I'm going to make them an aggravator. I read the probable cause affidavit which you told me was true and correct. I've reviewed the medical records as well as looked at the photos this morning. So the facts and circumstances in this particular matter, the Domestic Battery, is [sic] aggravating. Additionally, you have three juvenile delinquencies, all which would have been felonies if they were committed by you as an adult. You have one prior felony conviction and four prior misdemeanor convictions. Your misdemeanor suspended sentence has already been revoked once, and candidly, your prior felonies – well, what would have been a felony while in the juvenile system, I also find aggravating. You've got a Child Molesting as a Class B Felony, Child Molesting as a Class C Felony. You've already had a – you've had thefts, marijuana which is drugs. Candidly, that night you got caught with drugs that are really concerning to me

and a legend in your pocket when you were arrested. I have no idea what you are doing with that, but I can – one can only assume. Most tellingly though or most aggravating to me is you were on probation which is a gift. Probation is a gift and while on probation you decided to pick up two more felonies, which are the two that are before me. I find that extremely aggravating. Prior attempts at rehabilitation have failed, and I take that as aggravating.

Tr. at 10-12.

[8] Stroud complains that the trial court's oral sentencing statement was primarily directed toward Cause 68 thereby creating confusion regarding which aggravating factors applied to Cause 68 and which aggravating factors, if any, applied to Cause 91. To the contrary, our review of the statement reveals that the trial court found mitigating factors (guilty plea and remorse) and aggravating factors (criminal history and failed attempts at rehabilitation) that clearly applied to each of Stroud's crimes. The only aggravating factor that was applicable solely to Cause 68 was the nature and circumstances of the crime. *See Gleason v. State*, 965 N.E.2d 702, 711 (Ind. Ct. App. 2012) (nature and circumstances of the crime can be an aggravating factor). This was clearly articulated by the trial court, and we are not confused.

[9] To the extent that Stroud claims that the trial court failed to properly explain its reasons for imposing enhanced and consecutive sentences,[3] this argument also fails. It is well settled that the trial court may rely on the same reasons to impose an enhanced sentence and also to impose consecutive sentences, and the court is under no obligation "to identify the aggravators that support consecutive sentences separately from the factors that support sentence enhancement." *Smith v. State*, 770 N.E.2d 818, 821 (Ind. 2002). The sentencing statement here adequately explained the trial court's reasons for imposing enhanced and consecutive sentences.[4]

[10] We agree with Stroud that, during a consolidated sentencing hearing as occurred here, the best practice would have been for the trial court to articulate its reasons for sentencing each crime separately. Nevertheless, remand for resentencing is unnecessary. The purpose of the sentencing statement has been met in this case, as it has protected against arbitrary sentencing and has provided an adequate basis for our appellate review. *See Webb*, 941 N.E.2d at 1088. Moreover, we can say with confidence that the trial court would have imposed the same sentence had its recitation been directed to each crime

---

[3] The sentencing range for a level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). Stroud was sentenced to one and one-half years for each crime, to be served consecutively.

[4] Stroud also complains that the trial court failed to note any aggravating or mitigating factors in its written judgment of conviction. *See* Appellant's App. at 11. However, our approach in reviewing sentences in non-capital cases is to examine both the written and the oral sentencing statements to discern the findings of the trial court. *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). We have the option of crediting the statement that accurately pronounces the sentence or remanding for resentencing. *Id.* Here, we choose to credit the trial court's oral statement as reflecting the trial court's findings regarding aggravating and mitigating factors.

separately. Therefore, we conclude that the trial court did not abuse its discretion during sentencing, and we affirm Stroud's sentences.

[11] Affirmed.

Kirsch, J., and May, J., concur.